IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JUSTIN MARCUM,

           Plaintiff,

v.                               CIVIL ACTION NO. 2:12-cv-00655

CAPT. MCCLOUD, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that I grant the Motion for Summary Judgment filed by defendants Ballard and Rubenstein [Docket 64] and deny the Motion for Summary Judgment filed by defendant McCloud [Docket 66]. Thereafter, only defendant McCloud filed timely objections to the Magistrate Judge's Proposed Findings and Recommendation.

I have reviewed de novo those portions of the Proposed Findings and Recommendation ("PF&R") to which defendant McCloud has filed specific objections. For the reasons set forth below, the Magistrate Judge's PF&R [Docket 85] is **ADOPTED**. However, because the Magistrate Judge did not address McCloud's motion with respect to supervisory liability, I address it below. Therefore, the Motion for Summary Judgment filed by defendants Ballard and Rubenstein [Docket 64] is **GRANTED** and the Motion for Summary Judgment filed by

defendant McCloud is **DENIED** with respect to the excessive force claim and **GRANTED** with respect to all other claims.

**I. Background**

The plaintiff brought this suit after he was pepper sprayed by defendant McCloud during the plaintiff's incarceration at Mount Olive Correctional Complex in Mount Olive, West Virginia. It is undisputed that the plaintiff pulled his cell sprinkler to get the attention of the prison guards. The plaintiff alleges that McCloud responded by spraying three bursts of pepper spray into the plaintiff's cell without warning. (Compl. at 7). The plaintiff contends that, at the time, he was not given any commands or orders, and he was not in any way resisting an order to be restrained and removed from his cell. (*Id.* at 7-8).

In support, the plaintiff relies on his own deposition testimony that he was not resisting and that he had not been given any commands before being pepper sprayed. (*See* Marcum Dep. [Docket 66-1], at 52-53, 71). He further relies on written statements made under penalty of perjury provided by two other inmates. The inmates assert that McCloud administered pepper spray without warning or verbal commands or orders. (*See* Decl. of Larry Walton [Docket 71-1], at 2; Decl. of Dustin W. Williamson [Docket 71-1], at 3).

For his part, McCloud maintains that he provided several loud verbal commands to the plaintiff directing him to stop kicking his door and "strip out." (*See* Incident Report for Incident Number 12-0340 [Docket 66-1], at 1). McCloud also asserts that the plaintiff largely recanted his allegations:

> [The plaintiff] testified that he is unsure if Defendant McCloud meant to harm him at all. *Pl.'s Depo.* 61:8-12. Plaintiff demonstrated his resistance to Defendant McCloud by placing newspaper against his food slot. Plaintiff has admitted that at most he was struck one time by Defendant McCloud as he was standing in front of his bean hole and blocking the entryway with newspaper when Defendant

> McCloud attempted to spray him in his cell to restore order in the Pod. *Pl.'s Depo.* Pgs. 82:13-24, 83:1-22. Plaintiff acknowledged that he knew his actions could potentially create a safety issue. *Pl.'s Depo*. pg. 19:7-10. Plaintiff further admitted that he willingly and knowingly violated DOC's policies on January 20, 2012. *Pl.'s Depo.* pgs. 16:19-22; 18:2-6.

(Mem. of Law in Supp. of Def. McCloud's Mot. for Summ. J. [Docket 67], at 11-12).

In light of these factual disputes, the Magistrate Judge recommended that I find that there is "a genuine issue of material fact concerning the plaintiff's Eighth Amendment claim that precludes a finding that McCloud is entitled to qualified immunity and judgment as a matter of law." (PF&R [Docket 85], at 26). Defendant McCloud objects to this finding, among others. McCloud also objects that the Magistrate Judge failed to address his motion on the plaintiff's supervisory liability claim.

With respect to defendants Ballard and Rubenstein, the Magistrate Judge recommended that I grant their motion for summary judgment. No objections to this recommendation have been filed.

**II. Legal Standard**

When reviewing a magistrate judge's report, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a de novo review when a party "makes general and conclusory objections

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the report de novo, this court will consider the fact that the plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Analysis

#### A. Supervisory Liability Claim

Defendant McCloud rightly objects that the PF&R fails to address the supervisory liability claim against McCloud. I therefore address that claim here.

The Fourth Circuit has held that "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In *Shaw*, the court set forth the elements of a supervisory liability claim that a plaintiff must establish:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799 (quotations omitted).

Here, the Complaint states, inter alia, that McCloud used or permitted others to use pepper spray on other inmates for "malicious" and "sadistic" purposes. (*See* Compl. at 14). In his deposition, however, the plaintiff testified that he does not allege that any officer under the supervision of McCloud acted improperly at any time. (*See* Marcum Dep. [Docket 66-1], at 117:17-118:4). Further, the plaintiff's response to McCloud's motion for summary judgment is

4

devoid of any evidence or argument supporting his supervisory liability claim against McCloud. (*See generally* Pl. Justin Marcum's Resp. to Def. James McCloud's Mot. for Summ. J. [Docket 71]). Therefore, McCloud's motion for summary judgment on the issue of supervisory liability is **GRANTED**.

### B. Other Objections

Defendant McCloud brings a number of other objections that ultimately lack merit. First, McCloud notes that the Magistrate Judge "expressed concern regarding the lack of video evidence of Capt. McCloud's efforts to temper." (Def. James McCloud's Objections to Magistrate's Proposed Findings and Recommendation [Docket 86] ("Objections"), at 2). This objection is merely a general comment that does not direct this court to a specific error in the PF&R. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Accordingly, it is **OVERRULED**.

Second, McCloud objects that the plaintiff's "self-serving statements cannot be accepted as true" because the plaintiff contradicted himself during his deposition. (*Id.* at 3). By so objecting, McCloud appears to ask this court to weigh the evidence and disbelieve the plaintiff's allegations because they are not credible. That I cannot do. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). Accordingly, the defendant's objection is **OVERRULED**.

Third, McCloud states that the PF&R fails to include the fact that the plaintiff "admitted that he was hit in his eye because he was blocking his beanhole with newspapers and Defendant McCloud was trying to spray into his cell." (Objections, at 3). However, the PF&R does include this fact. The PF&R quotes from McCloud's Memorandum and states that "Plaintiff has admitted that at most he was struck one time by Defendant McCloud as he was standing in front of his

bean hole and blocking the entryway with newspaper when Defendant McCloud attempted to spray him in his cell[.]" (PF&R [Docket 85], at 20). The PF&R also states that the plaintiff "testified that he attempted to grab some newspaper to block the pepper spray, and that McCloud punched through the bean hole with the pepper spray can in his hand and hit the plaintiff in the face." (*Id.* at 9). Accordingly, the defendant's objection is **OVERRULED**.

Fourth, McCloud objects to the PF&R's omission of the fact that the plaintiff's prison unit was on lockdown. (Objections, at 3). It is true that the PF&R does not mention this fact. Although McCloud does not explain how this omission renders the Magistrate Judge's decision erroneous, whether or not the plaintiff's unit was on lockdown is not a material fact that alters the disposition of McCloud's summary judgment motion. The plaintiff has presented evidence in the form of deposition testimony and sworn written statements showing that he was not resisting and was not given any warnings or commands at the time he was pepper sprayed. This evidence, which McCloud disputes, creates a genuine issue of material fact. Accordingly, the defendant's objection is **OVERRULED**.

Fifth, McCloud states that "[a]s indicated within W. Va. Div. of Corrections' Policy Directive No. 312.02, the use of [pepper spray] is permitted to gain compliance without staff entry into a cell and to incapacitate inmates prior to staff entry in a cell when refusal to move from cell with passive or defensive resistance, active or aggravated active aggression." (*Id.* at 3-4). This objection does not direct this court to a specific error in the PF&R. I assume McCloud argues that he is entitled to qualified immunity in part because his use of force was permitted by policy. However, a genuine dispute of material fact remains over whether the plaintiff was resisting or refusing to be removed from his cell. Accordingly, the defendant's objection is **OVERRULED**.

6

Finally, McCloud argues that the Magistrate Judge erred in not finding that he is entitled to qualified immunity on the plaintiff's excessive force claim. (*See id.* at 4-9). I have undertaken a de novo review of the evidence and briefing. I agree with the Magistrate Judge and **FIND** that a genuine dispute of material fact precludes the granting of summary judgment on the plaintiff's excessive force claim against McCloud. Accordingly, the defendant's objection is **OVERRULED**.

### IV. Conclusion

For the reasons stated above, I **ADOPT** the Magistrate Judge's PF&R [Docket 85]. The Motion for Summary Judgment filed by defendants Ballard and Rubenstein [Docket 64] is **GRANTED**, and the Motion for Summary Judgment filed by defendant McCloud is **DENIED** with respect to the excessive force claim and **GRANTED** with respect to all other claims.

ENTER: March 14, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE